UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                      MEMORANDUM OPINION
                                               AND ORDER
Kelly-Jon Celia Meyer               Criminal No. 09-299-009

    Defendant/Petitioner.

---

    Jeffery M. Bryan, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Defendant/Petitioner, on her own behalf.

---

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255.

**FACTUAL BACKGROUND**

Petitioner entered into a Plea Agreement on January 6, 2010, by which she agreed to plead guilty to Count 1 of a 15 count Indictment which charged Conspiracy to Distribute Methamphetamine, in violations of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846.  The Plea Agreement provided that, based on the parties' understanding of the applicable guideline range, and based on concessions made by the United States, the Petitioner waived her right to appeal her sentence with one exception: Petitioner reserved her right to appeal

the Court's determination as to role under U.S.S.G. §3B1.2. Plea Agreement ¶ 11.

The Petitioner was thereafter sentenced on June 24, 2010. At sentencing, the Petitioner had argued that she was entitled to a minor role reduction. In response to the Petitioner's assertions, the government called Task Force Officer Bobbi Jo Pazdernik to testify as to her dealings with the Petitioner during the investigation. Based on her testimony, the Court found that the Petitioner was an average participant in the charged conspiracy. The Court determined that the applicable guideline range was 70 to 87 months, based on a total offense level of 27 and a criminal history category of I. The Petitioner was thereafter sentenced to a term of 60 months, below the applicable guideline range. The Petitioner did not appeal her sentence.

In her 28 U.S.C. § 2255 Petition, the Petitioner asserts she is entitled to relief because the Court wrongly admitted testimony regarding Defendant's own statements and then improperly relied on this testimony when finding that a two-level reduction for minor role was not applicable to the Petitioner.

**STANDARD**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Failure to raise an issue on direct appeal constitutes a procedural default, and it may bar a petitioner from raising the issue for the first time in a 28 U.S.C. §

2255 motion. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (citing Bousley v. United States, 523 U.S. 614, 621-22 (1998)); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Anderson v. United States, 25 F.3d 704, 706 (8th Cir 1994) (finding that a motion under 28 U.S.C. § 2255 does not substitute for a direct appeal).

Petitioner did not file an appeal after sentencing, therefore Petitioner is procedurally defaulted from raising the claims in this 28 U.S.C. § 2255 motion. Dejan, 208 F.3d at 685; Matthews, 114 F.3d at 113. However, a court may excuse a default where the petitioner demonstrates: (1) a cause that would excuse the default; and (2) prejudice or actual innocence. McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001) (citation omitted); Matthews, 114 F.3d at 113. Petitioner does not address cause, prejudice, or actual innocence in her 28 U.S.C. § 2255 motion. Therefore, the Court cannot excuse the procedural default on these bases.

Furthermore, Petitioner, in her Plea Agreement waived her right to relief under 28 U.S.C. § 2255. Plea Agreement ¶ 11. Generally, courts will enforce waivers of the right to attack a sentence under 28 U.S.C. § 2255, so long as the defendant entered in the plea agreement knowingly and voluntarily. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). "A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside 'the range of competence demanded of attorneys in criminal cases.'" Id. at 923–24 (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)).

In this case, Petitioner does not assert lack of competent council as a justification for relief under 28 U.S.C. § 2255.  Further, the waiver language in the Plea Agreement is clear:

> Defendant also understands her rights to petition under 28 U.S.C. § 2255.  Defendant expressly waives the right to petition under 28 U.S.C. § 2255.  Defendant has discussed these rights with Defendant's attorney.  Defendant understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

Plea Agreement ¶ 11.  Petitioner does not contest the enforceability of her waiver nor does Petitioner claim that she did not knowingly and voluntarily enter into her plea agreement.  The record supports a finding that the Petitioner knowingly and voluntarily entered into the Plea Agreement and the provision therein which Petitioner waived her rights to appeal a sentence under 28 U.S.C. § 2255.

Notwithstanding the above, sentencing guideline claims are not cognizable claims under 28 U.S.C. § 2255.  Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995).  Section 2255 provides inmates with relief in situations where the sentence is in violation of a statute which establishes a maximum sentence.  Id.  "[O]rdinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." Id.

Petitioner claims the use of her proffer statements and testimony from the arresting Drug Enforcement Agency Agent led the court to impose a sentence outside the sentencing guidelines for a minor role.  This is an ordinary guideline interpretation issue that does not rise to the level of

"miscarriage of justice" standard and therefore is not a cognizable claim under 28 U.S.C. § 2255.

As Petitioner has failed to raise a cognizable claim under 28 U.S.C. § 2255, the Court finds Petitioner's habeas petition must be denied.

An applicant for a writ of habeas corpus may not take an appeal unless a judge issues a certificate of appealability under 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22.  In order for a certificate of appealability to be issued, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the files records and proceedings herein, the Court finds no basis upon which to grant Petitioner a certificate of appealability.

IT IS HEREBY ORDERED that the Petition to Vacate, Correct or Set Aside Sentence [Doc. No. 408] is DENIED.  The court denies a certificate of appealability in this case.

Date:   February 17, 2011

                                                   s/ Michael J. Davis
                                                   Michael J. Davis
                                                   Chief Judge
                                                   United States District Court